AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Eddie Rafael Lopez, Wilfrido Segundo Jimenez,<br>Julio Javier Barliza Pushaina and Darwin Jose<br>Deluque Larrada<br>*Defendant(s)* | )<br>)<br>) Case No. 15-5026-SNOW<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 17, 2015__ in the county of __Monroe__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(G), it is further alleged that this violation involved 5 kilograms or more of a mixture and a substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher T. Wilson, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/22/2015

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida        Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Christopher T. Wilson, being duly sworn, depose and state:

1.  I am employed as a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since October 2004. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. As a Special Agent with the DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance, execution of search and arrest warrants, the control and administration of confidential sources, international drug importations, and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2.  This Affidavit is submitted for the limited purposes of establishing probable cause in support of a Criminal Complaint against Eddie Rafael LOPEZ, Wilfrido Segundo JIMENEZ, Julio Javier BARLIZA PUSHAINA and Darwin Jose DELUQUE LARRADA in that they did knowingly and intentionally conspire to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this

Affidavit is based on my personal knowledge as well as information provided to me by other law enforcement personnel.

3. On or about October 17, 2015, the Dutch Navy Ship HNLMS *FREISLAND*, while on routine patrol in the Central Caribbean Sea, with a United States Coast Guard Detachment Team on board, detected a go-fast vessel ("GFV") in international waters and upon the high seas. A United States Maritime Patrol Aircraft ("MPA"), who was also in the area, also detected the GFV.

4. The *FREISLAND* launched their over-the-horizon ("OTH") to conduct a boarding operation. At this time, the MPA lowered its altitude to make visual as the OTH made its way to the GFV. Upon coming into visible range, the GFV immediately began to make way at a high rate of speed. The MPA reported that the GFV had two outboard engines, was blue in color, approximately 25 feet in length and had a blue tarp covering its forward section. A pursuit of the GFV commenced. When the OTH was within 50 yards of the GFV, while still in international waters, the GFV stopped and went dead.

5. When the OTH came alongside GFV, they began their right of approach questions. At that time, the boarding team noted that there were no visible signs, markings or indicia of the vessel's nationality. The boarding team also observed that the front of the GFV was covered by a blue tarp. During initial questioning, which was conducted prior to boarding the GFV, all four GFV crewmembers, LOPEZ, JIMENEZ, BARLIZA PUSHAINA and DELUQUE LARRADA, claimed Colombian nationality. LOPEZ, who claimed to be the master, verbally claimed Venezuelan nationality for the vessel. When asked the purpose of the voyage, one of the crew replied "to deliver this" while motioning to the tarp located in the front

2

of the GFV. Later, a GFV crewmember was reported as saying that the "merchandise is under there," while also motioning to the same tarp.

6. Based on the verbal claim of Venezuelan nationality for the vessel, the Government of Venezuela was contacted. The Government of Venezuela responded that they could neither confirm nor deny the nationality of the vessel. Based on this response, the boarding party received permission to treat the GFV as a vessel without nationality and conduct a law enforcement boarding. Shortly thereafter, the boarding team embarked the GFV and conducted their initial safety sweep. At that time, one of the boarding team members looked under the blue tarp to verify that the bilge was clear and observed numerous bales of suspected contraband. Two field tests were subsequently conducted on the contents inside the bales and found to contain a white powdery substance which tested positive for the presence of cocaine.

7. The four individuals on board the GFV were subsequently identified as Eddie Rafael LOPEZ, Wilfrido Segundo JIMENEZ, Julio Javier BARLIZA PUSHAINA and Darwin Jose DELUQUE LARRADA.

8. Following the boarding, preparations were made to have the GFV, under the control of the boarding team, follow in the wake of the FRIESLAND. During the course of the voyage, the GFV became semi-submerged in the water, presumably due to the prevailing marine conditions and combined with the GFV's heavy load. Following the semi-submersion of the GFV, all members of the boarding team and the GFV's four crewmembers were located and recovered. The FRIESLAND also recovered and seized approximately 13 bales and 25 individual bricks, which collectively packaged the suspected cocaine, having an approximately gross weight of 440 kilograms, as well as assorted personal belongings.

9. On October 19, 2015, the *FRIESLAND* transferred custody of LOPEZ, JIMENEZ, BARLIZA PUSHAINA and DELUQUE LARRADA, the bales of cocaine, and other evidence to the United States Coast Guard (USCG) Cutter *CHARLES DAVID JR*. The bales of cocaine have an approximate total weight of 440 kilograms.

10. On October 21, 2015, the four crew members were taken to Key West, Florida, in the Southern District of Florida, where they first entered the United States.

11. Based on the foregoing facts, I submit that probable cause exists to believe that Eddie Rafael LOPEZ, Wilfrido Segundo JIMENEZ, Julio Javier BARLIZA PUSHAINA and Darwin Jose DELUQUE LARRADA did knowingly and intentionally conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

CHRISTOPHER T. WILSON
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this _____ day of October, 2015.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

4