UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CR-10015-KING/TORRES

UNITED STATES OF AMERICA,

 Plaintiff,

v.

DARWIN DELUQUE LARRADA,

 Defendant.
_____/

**REPORT AND RECOMMENDATION**

 This case is before the Court on Defendant Darwin Deluque Larrada's ("Defendant['s]") Motion to Dismiss Indictment ("Motion"). [D.E. 51].[1] The government filed its Response on April 8, 2016 [D.E. 54], to which Defendant did not reply. A jury trial is set for Monday, May 2, 2016 before the Honorable James Lawrence King. The matter is therefore ripe for disposition. Having reviewed Defendant's Motion, the government's Response, and the record, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED** for the following reasons.

*I. BACKGROUND*

 On October 17, 2015, Defendant and three co-defendants were apprehended transporting cocaine in international waters between Colombia and the Dominican Republic. [D.E. 54 at 1]. One of Defendant's co-defendants, Eddys Rafael Lopez,

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable James Lawrence King on April 11, 2016. [D.E. 58].

identified himself as the master of the vessel and claimed it was of Venezuelan registry. *Id.* Venezuelan government officials notified the United States government that it could not confirm the vessel's registry, in response to the United States's inquiry as to the vessel's nationality. *Id.* Defendant and his co-defendants were then arrested and brought to the Southern District of Florida. *Id. at 2.* On November 3, 2015, a federal grand jury in the District charged Defendant and his co-defendants with: (1) conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and (2) knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. [D.E. 27 at 1-2]. These violations are components of the Maritime Drug Law Enforcement Act ("MDLEA"). [D.E. 50 at 1].

Defendant challenges the validity of the indictment against him and claims it should be dismissed for the following reasons: (1) the MDLEA exceeds Congress's authority under the Constitution; (2) prosecution violates his Due Process rights; (3) prosecution under the MDLEA violates the *Ex Post Facto* Clause of the Constitution; (4) the MDLEA is unconstitutionally vague and violates the Due Process Clause; and (5) the indictment fails to allege each element of the crime. [D.E. 50 at 1-2]. Defendant acknowledges the Eleventh Circuit has rejected all arguments in favor of dismissing his indictment. [D.E. 50 at 7, 8, 14, 15, 25]. Nevertheless, the Court addresses each argument in turn.

## II.  ANALYSIS

A.  *__The MDLEA does not exceed Congress's authority under the Constitution__*

Defendant argues the MDLEA is an unconstitutional exercise of Congressional power under Article I of the Constitution because the Felonies Clause permits Congress to define and punish only those felonies that have a connection to the United States. [D.E. 50 at 3-4]. The Eleventh Circuit, however, has "always upheld extraterritorial convictions under [its] drug trafficking laws as an exercise of power under the Felonies Clause. And [it has] long upheld the authority of Congress to extend [ ] the criminal jurisdiction of this country to any *stateless* vessel in international waters engaged in the distribution of controlled substances." *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014) (emphasis added) (internal citations omitted). "[A] vessel subject to the jurisdiction of the United States includes . . . a vessel without nationality. 46 U.S.C. § 70502(c)(1)(A).

Moreover, the MDLEA provides that "[c]onsent or waiver of objection by a foreign nation to the enforcement of the United States law by the United States . . . is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(c)(2). In this case, the vessel's registry could neither be confirmed nor denied by the Republic of Venezuela and was certified as a vessel without nationality by the State Department. [D.E. 68 at 3]. Therefore, a sufficient connection between the Defendant and the United States exists as the Defendant's conduct occurred on a vessel without nationality.

3

### B. *Prosecution does not violate Defendant's Due Process rights*

Defendant claims his Due Process rights were violated because "[n]either international law nor the factual circumstances of [his] conduct provided fair notice to [Defendant] that he could be prosecuted in the United States." [D.E. 50 at 8]. Defendant contends that "under customary international law, the legislative and executive jurisdiction of one state over conduct that occurs on the high seas is generally forbidden." *Id.* at 9. But this argument is not supported by the law in this Circuit, which holds that the MDLEA properly provides for prosecution of drug trafficking on the high seas. "[T]he Due Process Clause of the Fifth Amendment does not prohibit the trial and conviction of an alien captured on the high seas while drug trafficking, because the Act provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." *Campbell*, 743 F.3d at 812.

### C. *Prosecution under the MDLEA does not violate the Ex Post Facto Clause of the Constitution*

Defendant maintains prosecution under the MDLEA is a violation of the *Ex Post Facto* Clause of the Constitution. [D.E. 50 at 10]. More specifically, Defendant argues "[t]he MDLEA permits the Government to create criminal liability for acts *after* those acts are committed by manufacturing jurisdiction *ex post.*" *Id.* This argument is inapposite as the MDLEA became law in 2006 and Defendant is alleged to have violated this law in 2015. The fact government officials confirmed the vessel was "without nationality" after seizing the vessel is not a violation of the *Ex Post Facto* Clause. Defendant's belief that all apprehended vessels must unequivocally assert the

vessel's nationality while the wrongful conduct takes place is impracticable and not demanded by the MDLEA, which "does not operate *ex post facto*. The conduct prohibited by the statute [ ] was clearly defined before the defendants embarked on their voyage." *United States v. Mena*, 863 F.2d 1522, 1528 (11th Cir. 1989).

### D. *The MDLEA is not unconstitutionally vague and does not violate the Due Process Clause*

Defendant also argues the MDLEA is unconstitutionally vague because it "hinge[s] jurisdiction for criminal prosecution on whether another 'nation has consented or waived objection to the enforcement of the United States law by the United States.'" [D.E. 50 at 14]. In *Mena*, the Eleventh Circuit also foreclosed this argument by explaining that "[t]here is nothing vague about the statute. Congress has provided clear notice of what conduct is forbidden: any possession of [drugs] on the high seas with intent to distribute. The United States will enforce this law to the full extent of its ability under international law. Those embarking on voyages with . . . illicit narcotics . . . risk that their [or another] government may consent to enforcement of the United States' laws against the vessel." *Mena*, 863 F.3d at 1527 (internal citations omitted).

### E. *The indictment does not fail to allege each element of the crime*

Defendant believes the indictment against him should be dismissed because the indictment did not specify how the vessel was subject to the United States's jurisdiction. Proof of jurisdiction, however, is not an element of either count of the indictment. Section 70504(a) of Title 46 provides: "Jurisdiction of the United States

5

with respect to a vessel subject to this chapter is not an element of the offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." In *Tinoco*, the Eleventh Circuit concluded that "Congress had the flexibility under the Constitution, at least with respect to the statutory jurisdictional requirement at issue in this case, to decide that the jurisdictional issue should be solely one of subject matter jurisdiction for the court to decide, and *not an element of the MDLEA substantive offense.*" *United States v. Tinoco*, 304 F.3d 1088, 1112 (11th Cir. 2002) (emphasis added).

The Eleventh Circuit explained "that the MDLEA jurisdictional requirement does not raise factual questions that traditionally would have been treated as elements of an offense under the common law. As used in the common law, the 'elements' of an offense include each part of the actus reus, causation, and the mens rea that the government must establish before an individual can be found guilty of a crime. The requirement . . . that a vessel be subject to the jurisdiction of the United States, however, does not go to the actus reus, causation, or mens rea of the defendant." *Id.* at 1108 (internal citations omitted). "[It] therefore, does not constitute a traditional element of an offense, given that is has nothing to do with the 'concurrence of an evil-meaning mind with an evil-doing hand' as reflected in the common law." *Id.* at 1109.

Alternatively, Defendant asks the Court to find that such a determination is a question for the jury, not a trial judge, as he believes the vessel's jurisdiction is an element of the offense, which must be proved beyond reasonable doubt. [D.E. 50 at 21-22; 25]. The Eleventh Circuit has also rejected this argument. "[E]ven if questions

6

under the [MDLEA] jurisdictional requirement may have a factual component, that component does not to be resolved by the jury, given that, as we have explained, the jurisdictional requirement goes only to the court's subject matter jurisdiction and does not have to be treated as an element of the MDLEA substantive offense." *Tinoco*, 304 F.3d at 1111.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED**.

Because trial is set to begin on Monday, May 2, 2016, the parties have until Friday, April 29, 2016 to file written objections, if any, with the Honorable James Lawrence King, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Duggar*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** at Miami, Florida, this 27th day of April, 2016.

/s/  *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

7